*1833.*

*BOKER*
*v.*
*CURTIS.*

---

### BOKER and others *v.* CURTIS and others.

---

A complainant who obtains an injunction to restrain a Sheriff from paying over the
amount of a levy, must make the deposit or give the bond, required (bv statute) in cases
of staying proceedings at law.

---

A bill was filed by the complainants, on behalf of them-
selves and other creditors, against their debtors Sidney Cur-
tis and Cornelius L. Demarest, as co-partners, and persons
who had obtained judgments against them by confession.
These judgments were charged to have arisen upon individ-
ual debts, and not legally payable out of the co-partnership
property in preference to the co-partnership debts.  Curtis
and Demarest had made an assignment; and therein gave a
preference to the holders of these judgments.  The sheriff
had made a levy upon and sold the partnership effects in or-
der to satisfy them; and the bill prayed for an injunction

*September 16*
*1833.*

*Practice.*
*Security up-*
*on staying*
*Sheriff.*

1833.

BOKER
v.
CURTIS.

restraining the parties from interfering in the property and the sheriff from paying away or parting with the proceeds of the sale of the property and effects. of the said Sidney Curtis and Cornelius L. Demarest to any person or persons. The injunction had been granted by the master, without any requirement in his *allocatur* of bond or deposit (as is necessary in cases staying proceedings at law : 2 R. S. 188.)   A motion was now made to dissolve the injunction.

Mr. *O. Gridley* for the motion.

Mr. *F. B. Cutting* in opposition.

THE VICE CHANCELLOR :—In relation to a stay of proceedings at law after judgment, the statute requires that a sum, equal to the judgment and including costs, shall be deposited or a bond given, with sureties.   And such a bond cannot be allowed by an injunction master : it must be sanctioned by the Court.

But, the counsel for the complainants contend that the present case is not embraced by the statute : inasmuch as it does not " stay proceedings at law"—the executions having been levied and the property sold, thereby terminating the legal acts.   I examined this very point in the case of *Perry* v. *Hutchinson ;(a)* and decided against an injunction which had been similarly granted.   I still hold to the opinion I there gave.   The injunction against the sheriff certainly acts as a stay of proceedings at law : for the plaintiffs in the judgments can proceed to compel the sheriff to return the writs and pay over the amounts levied : this injunction stays such proceedings.   It was therefore irregular without the deposit or security, and must be set aside with costs.

I have thought it right to look a little into this bill.   There appears to me equity enough to consider it favorably.   The case is one which would require the interposition of the Court, when properly applied for.   Although I must set aside this injunction, yet I will give the complainants leave

---

(a) 6th February 1833.

to file the necessary bond, instead of the deposit. They may do this any time to day; and when done, a fresh injunction may issue pursuant to the prayer of the bill.